**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SECURA Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-04655 |
| v. | ) | |
| | ) | Honorable Sharon Johnson Coleman |
| Post Time Catering, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION FOR RULE 41(a)(2) VOLUNTARY DISMISSAL**

NOW COMES, Plaintiff SECURA INSURANCE COMPANY f/k/a SECURA Insurance, a Mutual Company ("SECURA") and Defendant POST TIME CATERING, INC. ("PTC"), by and through their undersigned respective attorneys, and hereby stipulate pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to a voluntary dismissal of the claims asserted in this lawsuit as follows:

1.      On August 31, 2021, SECURA filed a Petition seeking relief concerning obligations potentially owed by it to PTC through a series of general liability insurance policies that SECURA issued to PTC during the period from 2012 through 2021 (the "SECURA Policies").

2.      In Counts I through IV of its Petition, SECURA requests rescission and/or reformation of insurance policies issued by SECURA in the period from 2012-2020. Counts V and VI of SECURA's Petition seek declaratory judgments regarding SECURA's alleged duty to defend or indemnify PTC for claims asserted against PTC in a tort bodily injury case filed by LARRY CANNON in the Circuit Court of Cook County, Illinois under the caption <u>Larry Cannon vs. Hawthorne Race Course, Inc. and Post Time Catering, Inc.</u>, Case No. 2021 L 003142 ("the <u>Cannon</u> Lawsuit") arising from an accident that took place on February 17, 2021. PTC previously

1

requested that SECURA defend and indemnify PTC for Mr. Cannon's claims asserted in the <u>Cannon</u> Lawsuit.

3. On December 1, 2021, PTC filed a motion to dismiss all of the Counts asserted in SECURA's Petition for various reasons. On January 14, 2021, SECURA filed a response brief opposing all arguments in PTC's motion to dismiss.

4. Larry Cannon executed an agreement settling his claims in the <u>Cannon</u> Lawsuit in exchange for a settlement payment. The settlement payment due under the terms of the agreement was paid in full by one of PTC's other insurance companies without contribution by SECURA.

5. PTC stipulates that it does not now seek and will not in the future seek indemnification from SECURA for defense costs incurred or the settlement payment in the <u>Cannon</u> lawsuit.

6. Based on the stipulations set forth in paragraphs 4 and 5 of this Stipulation, there is no present case or controversy as to the claims asserted in Counts V and VI of SECURA's Petition and no such case or controversy could develop in the future. Consequently, SECURA and PTC stipulate that the requests for declaratory judgment in Counts V and VI of SECURA's Petition can be dismissed *with prejudice*.

7. PTC and SECURA stipulate that PTC has not tendered any other claims to SECURA for coverage under the SECURA Policies other than its tender of the <u>Cannon</u> Lawsuit. Consequently, PTC and SECURA agree that there is no current case or controversy presented by the remaining counts of SECURA's Petition.

8. Based upon the stipulation set forth in Paragraph 7, PTC and SECURA ask that the claims asserted by SECURA in Counts I through IV of its Petition be dismissed *without prejudice*.

2

9.      PTC and SECURA stipulate that they will each bear their own costs and fees for any and all activities in this litigation incurred to date.

10.     If, in the future, SECURA refiles an action against PTC in this District Court or any other court of competent jurisdiction, which is based in whole or in part on the claims that SECURA seeks to dismiss without prejudice through this Stipulation, PTC and SECURA agree that the provisions for awarding costs under Rule 41(d) will not apply to the refiled action.

WHEREFORE, pursuant to the above stipulations and pursuant to Rule 41(a)(2), Plaintiff SECURA INSURANCE COMPANY f/k/a SECURA Insurance, a Mutual Company and Defendant POST TIME CATERING, INC., request that this District Court enter the draft dismissal order submitted for the Court's consideration.

Dated: January 27, 2022

Respectfully submitted,

SECURA INSURANCE COMPANY                        POST TIME CATERING, INC.
f/k/a SECURA Insurance, a Mutual
Company

By:  _/s/ Dawn M. Gonzalez_____               By: /s/ David B. Goodman_____
     One of its attorneys                            One of its attorneys

Dawn M. Gonzalez                                David B. Goodman – dg@glgchicago.com
ARDC No. 6225044                                 ARDC No. 6201242
Stone & Johnson, Chtd.                          Carrie E. Davenport – cd@glgchicago.com
111 W. Washington, Suite 1800                    ARDC No. 6289322
Chicago, IL 60602                               Kalli K. Nies – kn@glgchicago.com
dgonzalez@stonejohnsonlaw.com                    ARDC No. 6318089
(312) 332-5656                                  Goodman Law Group | Chicago
                                                20 North Clark Street, Suite 3300
                                                Chicago, Illinois 60602
                                                Tel: (312) 626-1888

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ *David B. Goodman*